UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LISA GREVLOS AND PAUL NESHEIM, | 4:23-CIV-04086-KES |
| Plaintiffs, | |
| v. | **JOINT DISCOVERY REPORT AND SCHEDULING INFORMATION** |
| AUGUSTANA UNIVERSITY, | |
| Defendant. | |

Pursuant to the Court's Order (Docket 22), the parties in the above-captioned action have met and agreed to the following discovery parameters, which the parties have reviewed and collectively submit to the Court for its approval:

**A.    Date and Place of the Meeting and Identification of the Parties and their Attorneys**

**1.    The date and place at which the meeting was held.**

January 23, 2024; by teleconference.

**2.    Name and address of each party, together with the name and address of the attorney or attorneys who represented each party at the meeting.**

| *Plaintiffs:* | *Defendant:* |
|---|---|
| Lisa Grevlos | Augustana University |
| 6404 S. Killarney Circle | 2001 S. Sumit Avenue |
| Sioux Falls, SD 57108 | Sioux Falls, SD 57197 |
| | |
| Paul Nesheim | |
| 1917 E. Briar Den Court | |
| Sioux Falls, SD 57108 | |
| *Attorneys Participating for Plaintiffs:* | *Attorneys Participating for Defendants:* |
| | Vince Roche and Alayna Holmstrom |
| Susan Ellingstad and Rachel Kitze Collins | Davenport, Evans, Hurwitz & Smith, LLP |
| Lockridge Grindal Nauen PLLP | 206 West 14th Street, P.O. Box 1030 |
| 100 Washington Ave. South, Suite 2200 | Sioux Falls, SD 57101-1030 |
| Minneapolis, MN 55401 | |

1

3. **Name of the insurance carriers and amount of liability coverage available.**

> **Plaintiffs**: None

> **Defendant**: Starr Indemnity & Liability Company. A copy of the Declarations page for any applicable insurance policy will be made available to Plaintiffs upon request.

B. **Description of the Case**

4. **A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses.**

> The Complaint arises out of the termination of two tenured faculty members at Augustana University.  Plaintiffs allege the terminations occurred in retaliation for engaging in protected activity and are discriminatory based on their age and sex. Plaintiffs further allege that Augustana breached the contract between the University and the Professors created by the faculty handbook.  Augustana denies such claims.

5. **A concise statement of the jurisdictional basis of the case, giving a brief narrative description as well as statutory references number.**

> Plaintiffs assert jurisdiction is proper pursuant to 28 USC § 1331, because the claims arise under the laws of the United states concerning Title VII of the Civil Rights Act of 1964 (Title VII) and the Age Discrimination in Employment Act of 1967 (AEA). Plaintiffs also assert jurisdiction is proper pursuant to 28 USC § 1367, because Plaintiffs' breach of contract claims arise under the same case or controversy as Plaintiffs' Title VII and ADEA claims.

6. **A brief statement of the material issues to be resolved.**

> Following the Court's Order on Defendant's Motion to Dismiss, the parties will resolve (1) Plaintiffs' retaliation claims; (2) Plaintiff Grevlos's sex discrimination claims with respect to her alleged removal as Department Chair, Director of Vocal Studies, Direct of the Augustana Summer Music Camp, and reduced salary; (3) Plaintiff Grevlos's age discrimination claim with respect to Augustana's alleged decision to remove her from being the Director of the Augustana Summer Music Camp; (4) Plaintiff Nesheim's age discrimination claim regarding Augustana's alleged decision to remove him from being the Artistic Director of Vespers and the Conductor of the Augustana Choir; (5) Plaintiffs' breach of contract claims; and (6) Plaintiffs' alleged damages, if any.

C.      **Pleadings**

7.      **A statement of whether all pleadings have been filed, and description of any amendments to the pleadings the party proposes to make including the identification of any new parties to be added (if none so state).**

> All required pleadings have been filed at this time. No parties are currently expected to be added.

8.      **The date by which all motions which seek to amend the pleadings or add parties will be filed.**

> February 23, 2024.

9.      **Whether jury trial is available under the law, and whether a jury trial has been timely demanded.**

> A jury trial has been demanded.

D.      **Initial Discovery Plan**

10.     **Date by which all prediscovery disclosures required by Rule 26(a)(1) will be completed.  [Note: discovery is not filed with the court.]**

> February 16, 2024.

E.      **Discovery Plan**

11.     **The procedure to be used for disclosure or discovery of electronic information.**

> **Plaintiffs' Proposal:** Plaintiffs propose entering into a Stipulated ESI and Discovery Protocol to govern the format of production in this case, attached as Exhibit A. Defendant refuses to agree. Plaintiffs understand that Defendant intends to produce all documents in bates-labeled PDFs, without producing any metadata. Metadata is crucial in this case for several reasons.  First, Defendants assert that document discovery will go back decades (although Plaintiffs disagree with this scope of discovery).  Metadata is essential in order to accurately categorize document custodians and authors, and to ensure that the creation date of a document is preserved.  Second, Defendant asserts that this case will involve dozens of witnesses and depositions.  Again, Plaintiffs disagree with the proposed breadth of witnesses and depositions. However, producing metadata is the only way to efficiently capture and determine custodians of documents.  Third, metadata ensures that email chains are kept together, that email attachments are kept with parent documents, and that all recipients of emails, including CC's and BCC's are visible.  A case of this purported magnitude requires that Plaintiffs be able to efficiently and effectively sort through the thousands of pages of documents that Defendant plans to produce.  Defendant has also not committed to scanning paper documents in a way that makes them text-searchable.  At a minimum, Plaintiffs

3

need to be able to run text searches on produced documents, particularly in light of the magnitude of documents Defendants indicates it intends to produce. Plaintiffs' proposed ESI Protocol is attached hereto. This protocol has been accepted by courts across the country, and reflects standard practice in federal court. Furthermore, resolving these issues now will avoid potential duplication and increased costs later in the case. Plaintiffs request the Court enter the Protocol as an Order in this case.

**Defendant's Proposal:** The parties will produce documents as Bates labeled PDFs, consistent with standard local practice. The parties reserve the right to request electronically stored information in its native format and will work cooperatively in good faith to resolve any disputes that may arise in connection with such requests. Plaintiffs' proposal attempts to impose multiple obligations found nowhere in the Federal Rules and would substantially increase the expense of discovery in this matter; Defendant therefore objects to the same.

12.     **The number of interrogatories each party will be permitted to serve.**

The parties agree Plaintiff Lisa Grevlos will be limited to serve a total of 30 Interrogatories, Plaintiff Paul Nesheim will be limited to serve a total of 30 Interrogatories, and Defendant Augustana will be limited to serve a total of 30 Interrogatories on Plaintiff Lisa Grevlos and a total of 30 Interrogatories on Plaintiff Paul Nesheim.

13.     **The maximum number of depositions by each party (excluding expert witness depositions).**

**Defendant's Proposal:** Depositions will be limited to forty (40) depositions per side (Plaintiffs, together, constituting one "side"). Expert depositions will not count toward the deposition limit.

Defendant's proposal is necessitated by Plaintiffs' claims that Defendant has long conspired against them, and in particular Plaintiff Grevlos, over the course of three separate University administrations and a complete turnover of tenured faculty in the Augustana Department/School of Music. For example, in Plaintiff Grevlos's "Reply to Employer's Response and Position Statement" to the EEOC, which was also submitted to Augustana's Faculty Grievance Committee when considering her termination, Grevlos: (1) claimed while "employed as a faculty member in the music department/School of Music at Augustana University . . . for nearly three decades, [she] . . . endured a long history of harassment, defamation, disparate treatment, discrimination, retaliation, and hostile work environment[];" (2) asserted it "is important to respond and outline a systemic pattern of discrimination, retaliation, and hostile work environment that [Grevlos] has endured since through pre-tenure in 2003/2004 and beyond at Augustana University[;]" and (3) claimed she kept a "meticulous record of evidentiary documents," which she "submitted throughout her employment history to either upper administration, Human Resources, the Faculty Personnel Council [now the Faculty Grievance Committee,]

. . . to prove her case[;]".  Multiple former administrators and faculty who had material dealings with Plaintiffs will need to be deposed.  A number of potential deponents now live out of state and beyond the Court's trial subpoena power. Defendant expects its initial disclosure list of persons likely to have discoverable information pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) will exceed 60, thus justifying the amount of expected depositions.

**Plaintiffs' Proposal:** Depositions will be limited to ten (10) depositions per side (Plaintiffs, together, constituting one "side"). Expert depositions will not count toward the deposition limit.

Defendant's proposal of 40 depositions per side is extraordinary for a case of this type and wholly unwarranted by the actual claims in the Complaint.  Plaintiffs' claims are now largely focused on the retaliation for engaging in protected conduct that has occurred in the last four years, as well as Defendant's breach of its contract with Plaintiffs, arising out of the process it followed (or failed to follow) before suspending and terminating Plaintiffs.

14.   **The limits on the length of depositions, in hours.**

**Defendant's Proposal:** Twenty-five depositions to follow the Federal Rules time limit of seven (7) hours and fifteen (15) depositions to be limited to four (4) hours of testimony.

**Plaintiffs' Proposal**: Up to five (5) depositions may be seven (7) hours each, and up to five (5) depositions may be three (3) hours each.

15.   **The date by which all discovery (including expert discovery) will be completed.**

**Defendant's Proposal:**

May 22, 2026.

**Plaintiff's Proposal:**

Fact discovery will be completed by December 20, 2024.

Expert discovery will be completed by April 30, 2025.

16.   **A statement of how many, if any, expert witnesses each party anticipates calling at trial, and a brief (one or two words) description of the type of experts anticipated, e.g., medical doctor, economist, accident reconstructionist, accountant.**

It is unknown if experts will be needed, but the parties desire to reserve the right to designate expert witnesses. Each party may designate up to two (2) experts.

5

17.   **The date by which each party will disclose the identity of expert witnesses and disclose the reports required under Rule 26(a)(2); [Note: discovery is not filed with the court.]**

>    **Defendant's Proposal:**
>    Plaintiffs: February 27, 2026
>    Defendant: April 24, 2026.
>
>    **Plaintiffs' Proposal:**
>    Plaintiffs: January 31, 2025
>    Defendant: March 28, 2025

18.   **Whether the parties anticipate expert depositions.**

>    Yes, if experts are identified.

19.   **The number of expert depositions each party will be permitted to take.**

>    Each expert may be deposed. The parties do not anticipate more than one deposition for each expert witness.

20.   **The frequency with which discovery responses must be supplemented pursuant to Rule 26(e).**

>    Discovery shall be supplemented as soon as possible, but no later than two months before trial.

**F.   Dispositive Motions and Trial**

21.   **Date by which all dispositive motions will be filed.**

>    **Defendant's Proposal:** June 26, 2026.
>
>    **Plaintiff's Proposal:** May 30, 2025.

22.   **Estimated trial time including jury selection and instructions.**

>    Five days.

23.   **Whether the parties consent to assignment of the case to Magistrate Judge Veronica Duffy.**

>    The parties do not consent to assignment of the case at this time.

**G.   Settlement**

24.   **The parties should fully explore the possibility of settling this case at the Rule 26(f) meeting. If the case does not settle, the parties will be fully prepared to advise the**

court about the status of settlement discussions.  **The parties will advise the court whether they desire a settlement conference with a United States magistrate judge.**

>  **Defendant's Response:**  Plaintiffs made a written settlement demand as required by Item #25 on January 23, 2024.  This demand substantially exceeded Plaintiffs' pre-suit written demand made on April 27, 2023, despite the Court's December 22, 2023, Order (Doc. 21) dismissing multiple of Plaintiffs' claims being issued in the interim.  Defendant is nonetheless willing to attempt a settlement conference with the magistrate judge.

>  **Plaintiff's Response**:  Plaintiff's dispute Defendant's characterization of their demand. Plaintiffs' demand was based on the survival of their strongest claims directly tied to their termination.  The dismissal of certain other claims did not reduce Plaintiffs' damages. But for their termination, Plaintiffs would have continued working at Augustana University for a significant period of time, well past traditional retirement age, as other current and former professors have done and routinely do.  The extraordinary actions taken by AU to dismiss two tenured professors, without justification and due process as provided by the contract, warrants significant monetary damages.  Plaintiffs agree to mediation with the magistrate judge.

25.  **Plaintiff is directed to make a written settlement demand prior to the Rule 26(f) meeting.  Defendant will respond in writing to this demand as soon as possible.**

>  Plaintiffs made a demand on January 23, 2024.

26.  **If plaintiff is unable to make a settlement demand, plaintiff will be fully prepared: (a) to explain the inability; (b) to advise the court what is needed to evaluate settlement; and (c) to advise the court of the earliest date the parties can realistically evaluate settlement.**

>  N/A

27.  **Other matters the parties want to raise.**

>  The Parties have also entered into a Stipulation for Protective Order  filed contemporaneously herewith.  The Parties jointly request the Court adopt the Stipulation and enter an Order in this case.

*[signature pages to follow]*

Dated at Sioux Falls, South Dakota, this ⟨6⟩ᵗʰ day of February, 2024.

> DAVENPORT, EVANS, HURWITZ &
> SMITH, L.L.P
>
> _Alayna Holm_
> Vince M. Roche
> Reece M. Almond
> Alayna A. Holmstrom
> 206 West 14ᵗʰ Street
> P.O. Box 1030
> Sioux Falls, SD 57101-1030
> Telephone:  (605) 336-2880
> Facsimile:  (605) 335-3639
> Email:  aholmstrom@dehs.com
>       ralmond@dehs.com
>       vroche@dehs.com
> *Attorneys for Defendant Augustana University*

*[signature pages to follow]*

8

Dated at Sioux Falls, South Dakota, this 6th day of February, 2024.

SAMP LAW OFFICES

Kollyn H. Samp (SD #1511)
2101 W. 41st Street, Suite 200
Sioux Falls, SD 57105
Email: rsamp@samplaw.com

Dated at Minneapolis, Minnesota, this 6 day of February, 2024.

LOCKRIDGE GRINDAL NAUEN PLLP

Susan E. Ellingstad
Rachel A. Kitze Collins
Kailey C. Mrosak
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Email: seellingstad@locklaw.com
        rakitzecollins@locklaw.com
        kcmrosak@locklaw.com
        *Attorneys for Plaintiffs*